IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PRINCIPAL LIFE INSURANCE COMPANY, | § § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | C.A. No. 3:22-cv-02751 |
| JOHN JENNINGS, JENNIFER HUFFMAN, EASTGATE FUNERAL HOME, INC., and I__ A__ (A MINOR), | | |
| Defendants. | | |

**COMPLAINT IN INTERPLEADER**

Plaintiff Principal Life Insurance Company ("Principal Life") complains of Defendants John Jennings, Jennifer Huffman, Eastgate Funeral Home, Inc., and I___ A___, a minor (collectively, "Defendants"), and states:

**PARTIES**

1. **Principal Life.** Principal Life is an Iowa insurance company with its principal office and place of business in Des Moines, Iowa.

2. **Jennings.** Defendant John Jennings ("Jennings") is a citizen of Texas who may be served at his residence address, 4617 Orchard Ridge Drive, Garland, Texas 75043, or wherever he may be found.

3. **Huffman.** Defendant Jennifer Huffman ("Huffman") is a citizen of Texas who may be served at her residence address, 5200 Bilindsay Road, Seagoville, Texas 75159-5276, or wherever she may be found.

4. **The Funeral Home.** Defendant Eastgate Funeral Home, Inc. (the "Funeral Home") is a Texas corporation with its principal office and place of business in Dallas County,

Texas.  The Funeral Home may be served with process by serving its registered agent, Chas W. Smith, 1091 Ponderosa Trail, Garland, Texas 75048.

5.	**The Minor.**  Defendant I___ A___ (the "Minor") is, upon information and belief, a minor individual and Texas citizen who may be served at her residence address, 1345 Hackamore Street, Mesquite, Texas 75149, or wherever she may be found.  Pursuant to Fed. R. Civ. P. 17(c)(2), Principal Life requests that the Court appoint a guardian ad litem to protect the Minor's interests in this matter.

## JURISDICTION AND VENUE

6.	**Jurisdiction.**  The Court has original jurisdiction over this action pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331 because this action arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, et seq.

7.	**Venue.**  The Court has venue of this action pursuant to 29 U.S.C. § 1132(e)(2) because some or all of Defendants reside in this district.

## OPERATIVE FACTS

8.	**Principal Life issues the Group Policy.**  Effective December 1, 2016, Principal Life issued its Group Member Life Insurance Policy no. GL 1071075 (the "Group Policy") to CBG Surveying Texas, LLC (the "Employer").  The Group Policy was part of an ERISA-governed employee welfare benefit plan that the Employer established and maintained for its employees and their beneficiaries.  The Employer paid the premiums for the coverage of its employees and was responsible for remitting such payments to Principal Life on time.

9.	**The Member obtains coverage under the Group Policy.**  By virtue of his employment with the Employer, Cameron Lynn Jennings (the "Member") was eligible for and obtained $10,000.00 in life insurance coverage under the Group Policy.

**COMPLAINT IN INTERPLEADER** - Page 2

10. **The Member dies.**  On May 3, 2022, Principal Life received notice the Member had died on April 29, 2022.  Since the Member did not designate a beneficiary under the Group Policy prior to his death, the payment of the resulting proceeds (the "Proceeds") was governed by the Facility of Payment provision in the Group Policy, which stated:

> If any of the below occur, benefits will be paid as stated. All such payments will discharge The Principal to the full extent of those payments.
>
> ***
>
> d.   If no beneficiary survives the Member or if the Member has not named a beneficiary, payment will be made in the following order of precedence as numbered:
>
>   (1)   to the Member's spouse;
>   (2)   to the Member's children born to or legally adopted by the Member;
>   (3)   to the Member's parents;
>   (4)   to the Member's brothers and sisters;
>   (5)   if none of the above, to the executor or administrator of the Member's estate.

11. **The competing claims.**  On June 6, 2022, Principal Life received a fax from the Funeral Home, which included (1) the Life Claim Information form from Jennings, who claimed all of the Proceeds based on his status as the Member's father, and (2) the Insurance Assignment, which purportedly assigned $6,825.00 of the Proceeds to the Funeral Home.  In an email later that week, Jennings stated that the Member had a three-year-old daughter but that the Member's name was not listed on her birth certificate.  By email dated June 30, 2022, Jennings stated that he was contesting the Minor's entitlement to the Proceeds, as the Member's name was not on her birth certificate, he had never paid any child support for her, and his parentage had never been established through a DNA test. On August 17, 2022, Jennings completed the Facility of Payment Information form, which stated that the Member did not have a spouse or any children and that Jennings was his sole surviving parent; however, it is Principal Life's understanding that Huffman

was the Member's mother.  Later that month, Principal Life received a fax from Sofia Altamirano, who reported that she was the Minor's mother and that she was making a claim, on behalf of the Minor, for all of the Proceeds.

12. **The need for interpleader relief.**  Under the circumstances, Principal Life cannot pay all or part of the proceeds to any of Defendants without incurring possible multiple liability. To the best of Principal Life's knowledge, the Member was not married at the time of his death, so under the Facility of Payment provision in the Group Policy, the Proceeds would be payable to his children, if any exist, or his parents.  Principal Life does not have sufficient information to determine whether the Member was the father of the Minor.  If he was not, then the Proceeds would presumably be payable to Jennings and Huffman in equal shares, with the payment of Jennings' share possibly subject to the assignment he gave to the Funeral Home.  Principal Life admits liability under the Group Policy to pay the Proceeds as a consequence of the Member's death, but the failure to deposit such proceeds into the Court's registry may expose Principal Life to multiple or inconsistent liabilities or preclude interpleader relief.  Principal Life is a disinterested stakeholder which claims no interest in the Proceeds, except for its attorney's fees and court costs.

## CAUSES OF ACTION

13. **Interpleader.**  Principal Life requests the Court to accept the Proceeds into its registry and require Defendants, or third parties presently unknown, to interplead their claims to such proceeds.  Contemporaneously with the filing of this Complaint, Principal Life has sought leave to deposit the Proceeds into the Court's registry and has requested the Court to appoint a guardian ad litem to protect the Minor's interests.  Principal Life also requests the Court to discharge Principal Life from all liability to Defendants or any other person with respect to the Proceeds and the Member's coverage under the Group Policy.

14. **Declaratory judgment.**  Principal Life further requests the Court to adjudicate whether Defendants or third parties presently unknown are entitled to payment of all or part of the Proceeds and to thereafter award such proceeds to the party or parties legally entitled to receive them.  Principal Life also requests the Court to discharge Principal Life from all liability to Defendants or any other person with respect to the Proceeds and the Member's coverage under the Group Policy.

15. **Restraining order.**  Principal Life further requests that, pursuant to 28 U.S.C. § 2361, the Court enter an order restraining Defendants from instituting or further prosecuting any proceeding in any State or United States court affecting the Proceeds until further order of the Court.

16. **Attorney's fees.**  Principal Life has retained the services of the undersigned attorneys to prosecute this action.  Accordingly, Principal Life seeks recovery of all of its attorney's fees and court costs incurred in this action from the interpled funds.

## REQUEST FOR RELIEF

17. **Prayer.**  Principal Life respectfully requests the following relief:

   (a)   That Defendants be served with Summons and this Complaint and required to answer in the time and manner prescribed by law;

   (b)   That the Court appoint a guardian ad litem to protect the interests of the Minor, with the fees and expenses of such guardian to be paid from the interpled funds;

   (d)   That the Court accept the Proceeds into its registry and thereafter deposit them into an interest-bearing account, pending further order of the Court;

   (e)   That the Court enter an order discharging Principal Life from all liability to

        Defendants or anyone else with respect to the Proceeds and the Member's coverage under the Group Policy and dismissing Principal Life with prejudice;

(f)    That the Court award Principal Life its reasonable and necessary attorney's fees and court costs, to be paid from the interpled funds;

(g)    That the Court require Defendants and all other interested parties to interplead their claims to the Proceeds and, on final trial, award such proceeds to the party or parties legally entitled to receive them; and

(h)    That Principal Life have all such other and further relief, both general and special, at law and at equity, to which it may show itself justly entitled.

Respectfully submitted,

By:    /s/ Andrew C. Whitaker
         Andrew C. Whitaker
         State Bar No. 21273600
         andrew.whitaker@figdav.com

FIGARI + DAVENPORT, LLP
901 Main Street, Suite 3400
Dallas, Texas 75202
(214) 939-2000
(214) 939-2090 (telecopy)

ATTORNEYS FOR PLAINTIFF
PRINCIPAL LIFE INSURANCE COMPANY