UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PRINCIPAL LIFE INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:22-CV-2751-B |
| JOHN JENNINGS; JENNIFER HUFFMAN; and I.A., a Minor; | § § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiff Principal Life Insurance Company ("Principal Life")'s Motion for Interlocutory Default Judgment against Defendant Jennifer Huffman (the "Huffman Motion") (Doc. 23) and Motion for Interlocutory Default Judgment against Defendant John Jennings (the "Jennings Motion") (Doc. 30). As discussed below, the Court **GRANTS** both motions.

## I.

## BACKGROUND

This is an interpleader case concerning a life insurance policy issued to Cameron Lynn Jennings. Principal Life issued Cameron Jennings a $10,000 life insurance policy (the "Policy"). Doc. 1, Compl., ¶ 9. Cameron Jennings died on April 29, 2022, without designating a beneficiary under the Policy. *Id.* ¶ 10. If the policyholder does not name a beneficiary, the Policy gives a priority list to determine the beneficiary. *Id.* The policyholder's spouse has priority over the policyholder's children, who in turn have priority over the policyholder's parents. *Id.* Cameron Jennings was not married at the time of his death. *Id.* ¶ 12.

After Cameron Jennings died, Principal Life received claims from John Jennings, who asserted that he was Cameron Jennings's father, and Defendant I.A. (through her mother), who claims to be Cameron Jennings's daughter. *Id.* ¶ 11. Under the Policy, I.A. would have priority over John Jennings, but John Jennings contests the paternity of I.A. *Id.* ¶¶ 10–11. Facing multiple liability and unable to determine which claimant is entitled to the proceeds, Principal Life filed its Complaint in Interpleader on December 9, 2022. Doc. 1, Compl. It named John Jennings and I.A. as Defendants, as well as Jennifer Huffman, Cameron Jennings's mother, and Eastgate Funeral Home, Inc. ("Eastgate"). *Id.* ¶¶ 1–5.

Principal Life filed a Motion for Interpleader Deposit (Doc. 4) and a Motion to Appoint Guardian ad Litem for I.A. (Doc. 5). On January 30, 2023, the Court granted both motions. It directed Principal Life to deposit the $10,000 in life insurance proceeds with the Clerk of Court. Doc. 14, Order. And it appointed Bradley W. Foster and Payton Roberts (collectively, the "Guardians Ad Litem") as guardians ad litem for I.A. Doc. 16, Order. On February 2, 2023, Eastgate was dismissed from the proceedings, leaving Huffman, John Jennings, and I.A. as the remaining Defendants. Doc. 17, Stip. Dismissal.

Only one Defendant has appeared in this case: I.A. *See* Doc. 33, Answer. Jennifer Huffman was served on December 21, 2022. Doc. 11, Executed Summons. She has not entered an appearance or filed any responsive pleadings in this action to date. Doc. 23, Huffman Mot. After issuing multiple show-cause orders, *see* Doc. 15, Order; Doc. 18, Order, the Court ordered Principal Life to move for entry of default and default judgment against Jennifer Huffman, *see* Doc. 20, Order. After Principal Life filed the Huffman Motion, the Clerk entered the default as to Huffman on February 22, 2023. Doc. 24, Entry Default.

John Jennings was served on December 11, 2022. Doc. 10, Executed Summons. He filed an Answer on January 4, 2023, but failed to include a certificate of interested persons, as required by Local Civil Rule 7.4. *See* Doc. 12, Answer. The Court ordered Jennings to file the required certificate of interested person by February 23, 2023, and warned, "Failure to comply with this Order will result in Jennings's Answer (Doc. 12) being stricken from the record without further notice." Doc. 21, Order. John Jennings failed to comply with the Court's deadline to file the certificate, and the Court struck his Answer. Doc. 25, Order. Since January 4, 2023, John Jennings has not filed anything with the Court. Upon Principal Life's motion (Doc. 30), the Clerk entered the default against him on April 12, 2023. Doc. 31, Entry Default.

On July 6, 2023, the Court held a hearing on the Motions for Default Judgment (Docs. 23 & 30) and the Report and Recommendation of Guardians Ad Litem (Doc. 28). Principal Life, the Guardians Ad Litem, I.A., and John Jennings were present. Jennings represented himself *pro se* at the hearing. The Guardians Ad Litem recommended that the Court enter default judgment against Jennings and Huffman, or, in the alternative, make a determination of I.A.'s paternity. Jennings stated that he was aware of the Court's order to file a certificate of interested persons but did not know how to do so. He added that he still claimed entitlement to the funds, asked the Court to set aside his default, and argued that there was no evidence that I.A. was Cameron Jennings's daughter. Principal Life expressed no interest in these matters and orally moved to be discharged from the case.

## II.

## LEGAL STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once default

has been entered, the court may enter a default judgment against the defaulting defendant upon motion of the plaintiff. Fed. R. Civ. P. 55(b). "The effect of a default judgment against a defendant named in an interpleader is that the party who fails to answer the interpleader complaint and assert a claim to the res forfeits any claim of entitlement that might have been asserted." *Midland Nat'l Life Ins. Co. v. Santana-Ayala*, 2020 WL 33598, at *2 (W.D. Tex. Jan. 2, 2020) (internal quotation omitted).

Generally, the entry of default judgment is committed to the district court's discretion. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977). Among the factors a district court may consider when deciding whether to grant a default judgment are whether (1) material issues of fact exist; (2) there has been substantial prejudice; (3) the grounds for default are clearly established; (4) the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) the court would think itself obliged to set aside the default on the defendant's motion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

"Under Federal Rules of Civil Procedure 55(c) and 60(b), a district court may set aside an entry of default or default judgment for 'good cause.'" *Lacy v. Sitel Corp.*, 227 F.3d 290, 291–92 (5th Cir. 2000). In determining whether good cause exists to set aside a default, courts consider three factors: "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented. Other factors may also be considered, including whether the defendant acted expeditiously to correct the default." *Id.* at 292 (internal footnote and quotation omitted). "Of these factors, two can be determinative: a district court may refuse to set aside a default judgment if it finds either that the default was willful or that the defendant failed to present a meritorious defense." *Scott v. Carpanzano*, 556 F. App'x 288, 293–94 (5th Cir. 2014).

## III.

## ANALYSIS

In reviewing Principal Life's motions against Huffman and Jennings in light of the *Lindsey* factors, the Court finds that default judgment is procedurally warranted. First, Huffman has not appeared, let alone filed any responsive pleadings. And while Jennings filed an answer, his answer was stricken for failure to comply with the Local Rules. *See* Doc. 25, Order. A filing, once stricken, is a nullity. Thus, Jennings has not filed a responsive pleading in this case. Prior to the hearing, he had not communicated with the Court in six months. Consequently, there are no material facts in dispute. *See Lindsey*, 161 F.3d at 893. Second, Jennings's and Huffman's "failure to respond threatens to bring the adversary process to halt, effectively prejudicing [Principal Life's] interests." *See Ins. Co. of the W. v. H & G Contractors, Inc.,* 2011 WL 4738197, at *3 (S.D. Tex. Oct. 5, 2011) (citing *Lindsey*, 161 F.3d at 893). Third, the grounds for default have been clearly established by Jennings's and Huffman's failure to respond to the Petition for Interpleader and the entires of default by the Clerk. Fourth, there is no evidence before the Court to indicate that Jennings's and Huffman's complete nonresponsiveness is the result of a "good faith mistake or excusable neglect." *Lindsey*, 161 F.3d at 893. Fifth, the harshness of default judgment is mitigated by the fact that, by failing to appear, Jennings and Huffman have forfeited any claim of entitlement they may have had to the interpleaded funds. *See Midland Nat'l Life*, 2020 WL 33598, at *2. And sixth, the Court is not aware of any facts that would give reason to set aside the default if challenged by Jennings or Huffman. Therefore, the Court concludes that default judgment is proper.

At the hearing, Jennings asked the Court to set aside the default entered against him. The Court finds there is not good cause to do so. First, Jennings admits that he willfully defaulted. At the

hearing, he admitted that he was aware of the Court's order to file a certificate of interested persons. Jennings claimed he did not know how to file a certificate of interested persons, which is reasonable. He is not an attorney. But he did not seek assistance, attempt to file a certificate, or otherwise communicate with the Court. And Fifth Circuit case law is clear: "Even pro se litigants must comply with procedural rules, and ignorance of the law is not a basis for Rule 60(b)(1) relief." *Vafaiyan v. City of Wichita Falls*, 398 F. App'x 989, 990 (5th Cir. 2010) (per curiam) (internal citation omitted). Further, the Court finds he has not shown a meritorious claim to the funds. At the hearing, Jennings admitted he had no evidence that I.A. was not Cameron Jennings's daughter and thus not entitled to the funds. By contrast, the Guardians Ad Litem have produced evidence indicating I.A. is entitled to the funds. Each of these factors—willful default and absence of a meritorious claim—is independently fatal to Jennings's request to set aside the default. *Scott*, 556 F. App'x at 293–94. His request is **DENIED**.

"When only one of the claimants named in an interpleader action has answered, the court need not consider the merits of which party is entitled to the funds." *Benjamin Moore & Co. v. Menendez*, 2019 WL 3413420, at *1 (N.D. Tex. July 29, 2019) (Boyle, J.); *accord Nationwide Mut. Fire Ins. Co. v. Eason*, 736 F.2d 130, 133 n.4 (4th Cir. 1984) ("Clearly, if all but one named interpleader defendant defaulted, the remaining defendant would be entitled to the fund."); *N.Y. Life Ins. Co. v. Conn. Dev. Auth.*, 700 F.2d 91, 95 & n.6 (2d Cir. 1983) (finding default of two of three interpleader defendants obviated need for judicial determination of the answering defendant's entitlement to funds). Accordingly, if default judgment against John Jennings and Jennifer Huffman is warranted, then disbursement of the interpleaded funds to I.A. is proper. Because default judgment

is proper against Jennings and Huffman, I.A. is the only remaining claimant. As such, I.A. is entitled to the interpleaded funds. *See Menendez*, 2019 WL 3413420, at *1.

And because Principal Life has already deposited the funds with the Court, the Court **GRANTS** Principal Life's oral motion for discharge from this case. *See Berry v. Banner Life Ins. Co.*, 718 F. App'x 259, 263 (5th Cir. 2018) ("Once a district court concludes that the requirements for interpleader have been met, it may discharge the plaintiff-stakeholder if the stakeholder is a disinterested party willing to tender the disputed funds.").

## IV.

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiff's Motion for Entry of Default Judgment against Jennifer Huffman (Doc. 23) and Motion for Entry of Default Judgment against John Jennings (Doc. 30). Accordingly, the Court **ENTERS** an **ORDER OF DEFAULT JUDGMENT** against John Jennings and Jennifer Huffman. Regarding distribution of the funds, the Court agrees with the recommendation of the Guardians Ad Litem. The Clerk of Court is **DIRECTED** to retain the proceeds in the Court's registry until I.A. reaches maturity. At that time, she may file a motion to withdraw the funds from the Court's registry.

**SO ORDERED**.

**SIGNED: July 10, 2023**.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE